# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **ROBERT LEE BROWN**<br>951 Coburn Lane<br>Marbury, AL 36051<br><br>**Plaintiff,**<br><br>v.<br><br>**SHERWOOD BRITT COX**<br>172 Outlaw Road<br>Dudley, NC 28333<br><br>**DAYBREAK EXPRESS INC.**<br>500 Avenue P<br>Newark, NJ 01705<br><br>**Defendants.** | RECEIVED<br>2017 SEP 22 A 10: 54<br>DEBRA P. HACKETT, CLK<br>U.S. DISTRICT COURT<br>MIDDLE DISTRICT ALA<br><br>Case No.: 2:17-CV-634-WC<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

### INTRODUCTION

This is an action by Plaintiff Robert Lee Brown ("Plaintiff" or "Brown") against Defendants Sherwood Britt Cox ("Cox") and Daybreak Express, Inc. ("Daybreak") for damages and injuries related to a collision that occurred on or about September 19, 2017 in which Defendant Cox, while operating in the line and scope of his employment with Defendant Daybreak, crashed an 18 wheel truck into the rear of a pickup truck and trailer operated by Plaintiff, on Interstate 65 in Chilton County, Alabama.

### PARTIES

1.  Plaintiff is an individual resident of Marbury, Autauga County, Alabama.

2.  On information and belief, Defendant Cox is an individual resident of Dudley,

truck in Alabama.

3. On information and belief, Defendant Daybreak Express is a foreign corporation with its primary place of business in Newark, NJ, who by agent or employee operated a trucking business which did business in Alabama at the time of this collision on September 19, 2017

## JURISDICTION AND VENUE

4. Plaintiff is a citizen of Alabama, residing at 951 Coburn Lane, in Marbury, Autauga County, Alabama

5. Defendant Cox is a citizen of Dudley, North Carolina.

6. Defendant Daybreak is a foreign corporation with its primary place of business in Newark, New Jersey.

7. Based upon the preceding, diversity of citizenship exists, as required by 28 U.S.C. §§ 1332(a)(1), (d)(2)(A).

8. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendants conduct business in, and may be found in, this district, and the collision which forms the basis of this action occurred in this judicial district.

## FACTS

9. On or about September 19, 2017, Plaintiff Robert Lee Brown was driving his 2001 Dodge pickup truck vehicle on Interstate 65 North, right lane of traffic, while pulling a trailer. At said time and place, Defendant Cox caused a Volvo tractor-trailer truck he was driving to crash into the rear of the Plaintiff's vehicle, causing the Plaintiff serious injuries.

10. At the time of the referenced collision, Cox was acting in the line and scope of his employment with Defendant Daybreak.

11. At the time of the referenced collision, Cox was an agent acting on behalf of Defendant Daybreak.

## COUNT ONE

12. The Plaintiff reavers all facts referenced in the foregoing paragraphs as if fully restated herein.

13. At the date and time stated above, Defendant Cox, while acting in his capacity as agent and/or employee of Defendant Daybreak, was negligent and/or wanton in his operation of the 18-wheel truck, and his negligence and/or wantonness was the proximate cause of the collision which forms the basis of this lawsuit.

14. The negligent and/or wanton acts and omissions of Defendant Cox include but, are not limited to, the following:

   A. Failure to control the vehicle in such a manner as to prevent a collision with the Plaintiff's vehicle;

   B. Failure to properly keep a lookout for other vehicles on the roadway;

   C. Dangerously operating a large commercial vehicle while distracted;

   D. Struck the vehicle occupied by the Plaintiff.

   E. Failure to properly follow the FMSCR's and DOT Regulations;

   F. Such other acts or omissions of negligence and/or wantonness the evidence may reveal through discovery and at trial.

15. The negligence and/or wantonness of Defendant Cox, acting as agent and/or employee of Defendant Daybreak, was the proximate cause of the injuries sustained by the Plaintiff. The Plaintiff was caused to incur medical bills, physician expenses, pain and suffering

and emotional distress. The Plaintiff may also incur future medical bills, physician expenses, pain and suffering and emotional distress.

**WHERFORE**, the Plaintiff demand judgment against Defendants Cox and Daybreak in a sum in excess of $75,000.00 in compensatory and punitive damages which the jury believes would be fair and just together with the costs of his action.

## COUNT TWO

16. The Plaintiff reavers all facts referenced in the foregoing paragraphs as if fully restated herein.

17. Prior to the collision alleged in Count I, Defendants Cox and/or Daybreak negligently and/or wantonly maintained the vehicle & trailer driven by Defendant Cox on behalf of Defendant Daybreak.

**WHERFORE**, the Plaintiff demand judgment against Defendants Cox and Daybreak in a sum in excess of $75,000.00 in compensatory and punitive damages which the jury believes would be fair and just together with the costs of his action.

## COUNT THREE

18. The Plaintiff reavers all facts referenced in all previous paragraphs as if fully restated herein.

19. Prior to the collision alleged in Count I, Defendants Cox and/or Daybreak negligently and/or wantonly inspected the vehicle and trailer driven by Defendant Cox.

**WHERFORE**, the Plaintiff demand judgment against Defendants Cox and Daybreak in a sum in excess of $75,000.00 in compensatory and punitive damages which the jury believes would be fair and just together with the costs of his action.

## COUNT FOUR

20. The Plaintiff reavers all facts referenced in all previous paragraphs as if fully restated herein.

21. Prior to the collision alleged in Count I, Defendants Cox and/or Daybreak negligently and/or wantonly repaired the vehicle and trailer driven by Defendant Cox at the time of the collision with the Plaintiff.

**WHERFORE**, the Plaintiff demand judgment against Defendants Cox and Daybreak in a sum in excess of $75,000.00 in compensatory and punitive damages which the jury believes would be fair and just together with the costs of his action.

## COUNT FIVE

22. The Plaintiff reavers all facts referenced in all previous paragraphs as if fully restated herein.

23. Prior to the collision alleged in Count I, Defendant Cox was acting as an agent and employee of Defendant Daybreak within the line and scope of his authority for said Defendant.

**WHERFORE**, the Plaintiff demand judgment against Defendants Cox and Daybreak in a sum in excess of $75,000.00 in compensatory and punitive damages which the jury believes would be fair and just together with the costs of his action.

## COUNT SIX

24. The Plaintiff reavers all facts referenced in all previous paragraphs as if fully restated herein.

25. Prior to the collision alleged in Count I, Defendant Daybreak negligently and/or wantonly supervised Defendant Cox as an employee driver for Defendant Daybreak during the period of time Defendant Cox worked for and/or drove a vehicle for Defendant Daybreak.

26. The negligence and/or wantonness of Defendants Cox and Daybreak combined and concurred as a proximate cause of the injuries previously stated in his complaint.

**WHERFORE**, the Plaintiff demand judgment against Defendants Cox and Daybreak in a sum in excess of $75,000.00 in compensatory and punitive damages which the jury believes would be fair and just together with the costs of his action.

### COUNT SEVEN

27. The Plaintiff reavers all facts referenced in all previous paragraphs as if fully restated herein.

28. Prior to the collision alleged in Count I, Defendant Daybreak negligently and/or wantonly hired Defendant Cox as an employee driver.

29. The negligence and/or wantonness of Defendants Cox and Daybreak combined and concurred as proximate cause of the injuries previously stated in his complaint.

**WHERFORE**, the Plaintiff demand judgment against Defendants Cox and Daybreak in a sum in excess of $75,000.00 in compensatory and punitive damages which the jury believes would be fair and just together with the costs of his action.

### COUNT EIGHT

30. The Plaintiff reavers all facts referenced in all previous paragraphs as if fully restated herein.

31. Prior to the collision alleged in Count I, Defendant Daybreak negligently and/or wantonly trained Defendant Cox as an employee driver to drive and/or work for Defendant Daybreak.

32. The negligence and/or wantonness of Defendant Daybreak and Cox combined and concurred as a proximate cause of the injuries previously stated in his complaint.

**WHERFORE**, the Plaintiff demand judgment against Defendants Cox and Daybreak in a sum in excess of $75,000.00 in compensatory and punitive damages which the jury believes would be fair and just together with the costs of his action.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL COUNTS**

/s/ Michael L. White
MICHAEL L. WHITE (WHI095)
Attorney for Plaintiff

**OF COUNSEL:**

Floyd, Hunter, Kies & White, P.C.
P.O. Drawer 1227
Millbrook, Alabama 36054
Telephone:   (334) 285-4488
Facsimile:   (334) 285-4552
E-mail:   mwhite@floydhunter.com

**The Defendants may be served by Certified U.S. Mail as follows:**

Sherwood Britt Cox
172 Outlaw Rd.
Dudley, NC  28333

Daybreak Express, Inc.
500 Avenue P
Newark, NJ  07105