# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ROBERT LEE BROWN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHERWOOD BRITT COX, et al. )<br>)<br>Defendants. )<br>) | Case No.: 2:17-cv-00634-MHT<br>(WO) |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held on March 7, 2019 wherein the following proceedings were held and actions taken:

### 1. PARTIES AND TRIAL COUNSEL:

**Plaintiff:** Norman Laister as Administrator ad Litem for the Estate of Robert Lee Brown, represented at trial by:     Michael L. White and T. Kent Garrett

**Defendants:** Daybreak Express, Inc. and Sherwood Britt Cox represented at trial by: Paul M. James and Richard McConnell (Mac) Freeman, Jr.

### COUNSEL APPEARING AT PRETRIAL CONFERENCE

Plaintiff:     Michael L. White and T. Kent Garrett

Defendant:     Paul M. James and Richard McConnell (Mac) Freeman, Jr.

### 2. JURISDICTION AND VENUE

Jurisdiction:     Jurisdiction in this matter is based upon diversity of citizenship exists, as required by 28 U.S.C. §§ 1332(a)(1), (d)(2)(A).

Venue:     Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because Defendants conduct business in, and may be found in, this district, and the collision which forms the basis of this action occurred in this judicial district.

3. **PLEADINGS:** The following Pleadings and Amendments were allowed:

| Document Number | | Filing Date |
|---|---|---|
| 01- | Complaint | September 22, 2017 |
| 07- | Defendants' Answer | October 18, 2017 |
| 016- | Statement Noting Death | December 2, 2017 |
| 024- | First Amended Complaint | March 2, 2018 |
| 025- | Defendants' Answer to First Amended Complaint | March 16, 2018 |
| 048- | Defendants' Motion for Partial Summary Judgment | September 7, 2018 |
| 050- | Plaintiff's Response to Defendants' Motion for Partial Summary Judgment | September 28, 2019 |
| 058 | Recommendation of the Magistrate Judge regarding Defendants' Motion for Partial Summary Judgment | February 19, 2019 |

4. **CONTENTIONS OF THE PARTIES:**

(a) **The Plaintiff:** The plaintiff states the following claims against Defendants Sherwood Cox and Daybreak Express, Inc.:

- Count One: Negligent and wanton operation of a tractor-trailer by Cox on behalf of Daybreak Express, Inc.

- Count Five: Defendant Cox was acting as an agent for and in the line and scope of his employment with, Daybreak Express, Inc. at all times related to the collision which forms the basis of this suit.

- Count Nine: Wrongful Death as a result of Cox's negligent and wanton operation of a tractor-trailer by Cox while acting on behalf of, and as an agent for, Daybreak Express, Inc.;

This case involves a collision between a Volvo tractor-trailer truck, operated by Defendant Sherwood Cox ("Cox"), and a Dodge pickup truck and attached utility trailer, operated by Plaintiff's decedent, Robert L. Brown ("Brown"). At the time of the collision, Cox was acting in the line and scope of his employment, and was an agent for Defendant Daybreak Express, Inc. ("Daybreak"). The tractor-trailer was provided to Cox by Daybreak.

The Plaintiff contends that on September 19, 2017, at approximately 1:40 pm, Plaintiff's decedent Brown was operating a 2001 Dodge Ram pickup truck in Chilton County, on Interstate 65 North, near Verbena, at approximately mile marker 202.4. Attached to Brown's pickup truck was a twenty-foot long, tandem-axle utility trailer, which was partially loaded with scrap metal. Brown's vehicle was traveling approximately fifty-five miles per hour, and at all times was traveling in the right-hand lane. Brown had one passenger, Joseph Butler, who assisted Brown with loading and unloading his trailer. Brown and Butler were headed to a scrap metal purchaser near Clanton.

Cox was operating a Volvo tractor-trailer, also on Interstate 65 North, having left Montgomery, Alabama, with the intent to travel to Birmingham, Alabama. Cox was traveling 70 miles per hour, on cruise-control, in the right-hand lane behind Brown. The day of the collision was sunny and clear. The location of the collision is flat and straight, with no obstructions to the vision of Cox that would impede his ability to see the pickup and trailer operated by Robert Brown.

Cox saw the Brown pickup and trailer well ahead of him. He decided to pass the Brown pickup and trailer, but instead caused or allowed the front right of his Volvo truck to strike the left rear of the Brown utility trailer, in the right lane of Interstate 65 north. Less than one second prior to that impact, Cox, while traveling 70 mph in the right lane, made a more than fifty-degree left-hand turn. Cox struck the Brown trailer, causing the Brown trailer and pickup to jackknife. After the Cox truck struck the Brown trailer, the Cox and Brown vehicles separated, with the Brown trailer still attached to his pickup. As a result of the jackknife of the Brown truck and trailer, the Brown pickup began to roll in an uncontrolled fashion up the highway, ejecting Mr. Brown.

Robert Brown had numerous injuries, including: fractured skull, brain injuries, a degloving injury to his right hand, broken facial bones, fractured cervical spine, fractured ribs, fractured thoracic spine, and a fractured foot. Robert Brown was airlifted to Baptist Hospital South in Montgomery, and hospitalized there in intensive care until his death twenty days later, on October 9, 2017. Robert Brown's death was a result of injuries caused in the collision.

We further adopt all matters previously pled by the plaintiff as incorporated herein.

(b) **The Defendants:**

Sherwood Cox was operating a Volvo Tractor Trailer moving northbound on Interstate 65 in Chilton County on September 19, 2017. Cox was traveling less than the speed limit and had begun his trip from Montgomery that day.

Robert Lee Brown and Joseph Butler had been working in Billingsley, Alabama picking up scrap metal to take to a facility in Chilton County. Mr. Brown was driving a 2001 Dodge Ram pickup while pulling a 6x20 tandem axel utility trailer fully loaded with scrap metal from the Billingsley sight. Brown and Butler stopped at Brown's home for lunch before proceeding to the Verbena Exit on Interstate 65 North.

Brown and Butler entered I-65 and proceeded northbound. They were unable to reach Highway speed (the speed limit in this area is 70 mph.) while traveling up a steady incline on I-65. Prior to entering the Interstate, Brown had failed to perform the most basic maintenance and employ proper safety techniques when attaching his trailer's hitch to the underside of the 2001 Dodge Ram pickup truck as well as the trailer itself to the hitch that day. The trailer had no working brakes, no operational brake lights, no safety pin, and one missing chain. Furthermore, the only chain attached to the trailer was not attached to Brown's 2001 Dodge Ram pickup truck.

The trailer hitch attached to Mr. Brown's truck was not designed for the 2001 Dodge Ram pickup truck, but had been altered in an attempt to attach it to Brown's pickup. Multiple bolts, nuts, and washers used to connect the hitch to the frame rail were missing, elongated, and showed significant signs of stress and failure. Multiple investigating officers will confirm that a trailer in this condition should never be placed on the roads and highways of the State of Alabama.

As Sherwood Cox approached Mr. Brown's pickup from the rear, the hitch connection at the frame rail underneath the Dodge Ram pickup truck failed. This cased a bending moment and resulted in the trailer swaying back and forth from left to right, a fact confirmed by witnesses. Cox began to move into the left-hand lane when the trailer swerved back into the right front portion of Cox's tractor. The trailer separated from the 2001 Dodge Ram pickup truck which precipitated the 2001 Dodge Ram to roll, ejecting an unbuckled Brown from his truck.

## 5. **STIPULATIONS BY AND BETWEEN THE PARTIES**

- Parties are named correctly
- Date, time and location of the collision: September 19, 2017, on Interstate 65 North, at approximately mile marker 202.4, in Chilton County, Alabama
- Defendant Cox was in the line and scope of his employment with Defendant Daybreak at the time of the collision

***

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last four days, are set for April 8, 2019, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama.

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term.

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits.

(4) Trial briefs (a) summarizing the evidence to be presented at trial, (b) setting forth the elements of each and every claim and defense at issue and how the evidence does or does not satisfy those elements, and (c) addressing any evidentiary issues that may arise at trial (unless already addressed in a motion in limine or a response thereto), are required to be filed by April 1, 2019. Trial briefs should include citations to relevant caselaw, statutes, or other legal authorities, and should cover, in addition to the matters discussed above, the

following specific issues:

(A) Assuming evidence of sleep apnea is admissible, how should the federal regulations on sleep apnea and commercial drivers apply to this case (as substantive law or standards), and what instructions should be given to the jury on the regulations, if any are given?

(B) Could the jury find that contributory negligence bars recovery on plaintiff's negligence claim but find for the plaintiff on wantonness?

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (doc. no. 15, as amended) entered by the court on November 30, 2017.

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by order of the court.

DONE, this the 8th day of March, 2019.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**